BAMBRICK BROTHERS CONSTRUCTION COMPANY v. LOUISE S. CLARKE et al., Appellants.

Division One, March 30, 1917.

**SPECIAL TAX BILLS:** District Sewer: Suit Pending to Establish Street. If the proceeding to condemn land for streets through the area taxed with the costs of a joint district sewer, is undetermined and open to cessation on the part of the city authorities at the time of the trial of the action on the special sewer tax bills, the projected streets are not streets in the sense of the charter excluding them as a part of the area assessable for sewer taxes, and if they become streets the money paid for them will stand in lieu of the land taken, and hence the tax bills issued against subdivisions of the area are not void because those projected streets were not excluded.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*C. R. Skinker* for appellants.

(1) Each of the pretended parcels described in each of the tax bills was divided into two or more parcels by streets established by the same authority which issued the bills, and prior to the establishment of the boundaries of the sewer district, and the bills are therefore void since they do not describe the land as required by section 14 of article 6 of the charter. (a) Ordinances Nos. 24021 and 24020, respectively establishing Ashland and Lexington avenues, operated as a taking of the strips therein designated for the public use upon the dates they respectively took effect, within the meaning of sections 2 and 30 of article 2 of Missouri Constitution. St. Louis v. Hill, 116 Mo. 527; St. Louis v. Brown, 155 Mo. 562; Parks v. Boston, 15 Pick. 198; Burt v. Insurance Co., 115 Mass. 7; Edmands v. Boston, 108 Mass. 547; Dorgan v. Boston, 12 Allen, 231; Whitman v. Railroad, 7 Allen, 326; Hampden Co. v. Railroad, 124 Mass. 119; Railroad v. Miller, 125 Mass. 13; In re Public Parks, 99 N. Y. 580; In re Public Parks, 53 Hun, 290; Rexford v. Knight, 11 N. Y. 308; Commissioners v. Armstrong, 45 N. Y. 234; In re Delafield, 109 Fed. 577; Johnston v. Callery, 225 Pa. 417; Graybill v. Ruhl, 225 Pa. 417; Railroad v. Burson, 61 Pa. 369; Rubottom v. McClure, 4 Blackf. 507; Hankins v. Lawrence, 8 Blackf. 266; Railroad v. Murdock, 68 Ind. 137; Kennedy v. Indianapolis, 103 U. S. 602; Cavenaugh v. McLaughlin, 38 Minn. 83. (b) The taking and the ascertainment of compensation upon which investment of title by payment depends are two totally different things. The former is the act of the sovereign Legislature. Bridge Co. v. Stone, 174 Mo. 22; Lankford v. Shively, 174 Mo. 551; Uhrig v. St. Louis, 44 Mo. 463. The latter involves merely the exercise of judicial power. Plum v. Kansas City, 101 Mo. 531. (c) The taking is fully accomplished when

the land is designated by the Legislature for the public use, notwithstanding the title may not vest by payment of compensation for the taking until long afterward. Taking and investment of title are not contemporaneous, nor is the latter necessary to accomplish the former. St. Louis v. Hill, 116 Mo. 527; Burt v. Insurance Co., 115 Mass. 7; In re Public Parks, 99 N. Y. 580; Re Delafield, 109 Fed. 577; Kennedy v. Indianapolis, 103 U. S. 602. (b) The only effect of default in payment of compensation is to render the condemnor a trespasser *ab initio*. Kennedy v. Indianapolis, 103 U. S. 602. (e) The strips taken by said ordinances for said avenues long before the boundaries of the sewer district were ever established by the same authority, divide each of the parcels described in the bills into two or more parcels. (2) To exact from defendants assessments for this sewer upon the same land taken by the same authority for avenues, is a deprivation of their property without due process. St. Joseph v. Crowther, 142 Mo. 162. (3) This court cannot now recede from the construction placed on section 21 of article 2 of Missouri Constitution in determining the effect of similar ordinances in St. Louis v. Hill, 116 Mo. 527, and St. Louis v. Brown, 155 Mo. 545, existing when Charles J. Clarke bought the land in question at trustee's sale, without impairing the obligation of his contract of purchase within the inhibition of the Federal Constitution. Muhlker v. Railroad, 197 U. S. 544; Louisiana v. Pillsbury, 105 U. S. 294; Butz v. Muscatine, 8 Wall. 584; Sec. 25, art. 6, Charter; Maguire v. Savings Assn., 62 Mo. 344; United States v. Macon County, 99 U. S. 582; Williamson v. Brown, 195 Mo. 328; Kansas City v. Association, 145 Mo. 53; St. Louis v. Contracting Co., 202 Mo. 465; Perkins v. Thornburgh, 10 Cal. 191; Gegiow v. Uhl, 239 U. S. 3. The tax is an inseparable entirety. Williams v. Talladega, 226 U. S. 404; Leloup v. Mobile, 127 U. S. 640, 647; Kansas City v. O'Connor, 82 Mo. App. 660; Warren v. Commissioners, 181 Mass. 11; Dyer v. Chase, 52 Cal. 441; Bennett v. Emmetsburg, 138 Iowa, 81. To do so without statutory authority would convert the

court into the assessing authority which is not permis-sible. Re New York School, 75 N. Y. 329.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for respondent.

The area of the proposed streets was properly included in the parcels of property described in the tax bills. In describing the parcels these proposed streets were properly disregarded. (1) Ashland, Lexington and Belt Avenues have never been opened through the property, and condemnation proceedings were and had been for several years pending, at the time of the trial of this case, for the opening of these streets, exceptions to the report of the commissioners having been filed by J. Denniston Lyon. These proceedings are still pending. Such being the case, these proposed streets through the property are not streets within the meaning of the section of the charter requiring the cost of sewers to be assessed against the property exclusive of streets, avenues, public highways and alleys. The area of these streets was properly included. Charter of St. Louis (1876), art 6, secs. 9, 22; Kansas City v. Ward, 134 Mo. 183; Plum v. Kansas City, 101 Mo. 525; Shoemaker v. U. S., 147 U. S. 321. (2) The condemnation proceedings may be abandoned at any time, the purpose of the proceedings being to ascertain the cost of opening the streets, and, if too great, to permit an abandonment. Charter of St. Louis (1876), art. 6, sec. 10; Eyssell, v. St. Louis, 168 Mo. 613; Silvester v. St. Louis, 164 Mo. 601; State ex rel. v. Hug, 44 Mo. 116; Simpson v. Kansas City, 111 Mo. 237; Whyte v. Kansas City, 22 Mo. App. 409. (3) The commission to assess some property within the improvement district does not invalidate the tax bill. Creamer v. McCune, 7 Mo. App. 91; Walsh v. Bank, 139 Mo. App. 648; Neil v. Ridge, 220 Mo. 242; O'Dea v. Mitchell, 144 Cal. 374; Rich v. Chicago, 152 Ill. 18; Allen v. Commissioners, 176 Ill. 113; State v. Bayonne, 60 N. J. L. 406; Granite Co. v. Realty & Inv. Co., 259 Mo. 153. (4) When the streets

are actually condemned and the money paid into court, the money stands in lieu of the land as regards the lien of the special tax bill. Ross v. Gates, 117 Mo. App. 237. (5) If the amount of the assessment against this property is wrong because of the inclusion of streets and alleys that ought not to have been included, the excess is a mere matter of mathematical computation and can be deducted from the amount of the bills in rendering final judgment. Walsh v. Bank, 139 Mo. App. 648. (6) The defendant cannot complain in a special assessment that he was undertaxed; nor can he complain of overassessment, unless he tenders the amount due. State ex rel. v. Flad, 26 Mo. App. 500; Overall v. Ruenzi, 67 Mo. 207; Dickhaus v. Olderheide, 22 Mo. App. 79.

BOND, P. J.—The record in this case contains the appeals in three of the tax bills suits brought by respondent against appellants wherein, in addition to the points presented in Bambrick Bros. Con. Co. v. Realty Co., *ante*, page 450, and which we have decided as shown in the opinion in that case, the further defense is made that condemnation proceedings had been begun to open streets through portions of property described in the tax bills.

We conclude that the assignment of error based on this fact is untenable under this record, which shows that the proceedings to condemn were *in fieri* at the time of the trial, being then undetermined and open to cessation on the part of the city authorities. [Municipal Code, p. 362; City Charter, art. 4, sec. 10, art. 6, sec. 9; Eyssell v. St. Louis, 168 Mo. l. c. 613; Silvester v. St. Louis, 164 Mo. 601; Kansas City v. Ward, 134 Mo. 172.] For the above reason the projected streets were not then streets in the sense of the charter excluding them as a part of the proportional area of the whole district assessable for sewer taxes (Charter, art. 6, sec. 22), and if they ever become streets, the money paid for them will stand in lieu of the land taken. [Ross v. Gates, 183 Mo. l. c. 347, 117 Mo. App. l. c. 243.]

For these reasons and those stated in the opinion in Banmbrick Bros. Construction Co. v. Realty Co., *ante*, page 450, the same judgments are entered in these cases. All concur, *Blair, J.*, in result.